















SWD    11/3/04    13:56

3:04-CV-02211    SINGLETARY V. PATEL

*1*

*CMP.*

1   **PINNOCK & WAKEFIELD**
A Professional Corporation
2   Theodore A. Pinnock, Esq.               Bar #: 153434
David C. Wakefield, Esq.                Bar #: 185736
3   Michelle L. Wakefield, Esq.            Bar #: 200424
3033 Fifth Avenue, Suite 410
4   San Diego, California 92101
Telephone: (619) 858-3671
5   Facsimile: (619) 858-3646

6   Attorneys for Plaintiffs

7

8                                          **'04 CV 2211   BEN (LSP)**

9                   UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

10

11   ORGANIZATION FOR ADVANCEMENT        Case No.:
OF MINORITIES WITH
12   DISABILITIES SUING ON BEHALF        **CIVIL COMPLAINT:**
OF DAVID SINGLETARY AND ITS        DISCRIMINATORY PRACTICES IN
13   MEMBERS; and DAVID                 PUBLIC ACCOMMODATIONS
SINGLETARY, An Individual,         [42 U.S.C. 12182(a) ET. SEQ;
14                                      CIVIL CODE 51, 52, 54, 54.1;
HEALTH & SAFETY CODE 19995;
15              Plaintiffs,            BUSINESS & PROFESSIONS CODE
17200 et. seq.]
16        v.

17   PATEL HARISPRASAD I & SARLA H      NEGLIGENCE
DBA HILLSIDE COIN LAUNDRY;         [CIVIL CODE 1714(a), 2338,
18   HARISPRASAD I. PATEL; SARLA        3333, 3294; EVIDENCE CODE
H. PATEL; A & B PROPERTIES         669(a)]
19   (Company/Corporation); And
DOES 1 THROUGH 10, Inclusive.      DEMAND FOR JURY TRIAL
20                                      [F.R.Civ.P. rule 38(b); L.R.
38.1
21              Defendant.

22

23

24                              **INTRODUCTION**
25

26        Plaintiffs ORGANIZATION FOR ADVANCEMENT OF MINORITIES WITH

27   DISABILITIES SUING ON BEHALF OF DAVID SINGLETARY AND ITS MEMBERS;

28   and DAVID SINGLETARY, An Individual, herein complain, by filing

1

this Civil Complaint in accordance with rule 8 of the Federal Rules of Civil Procedure in the Judicial District of the United States District Court of the Southern District of California, that Defendant has in the past, and presently is, engaging in discriminatory practices against individuals with disabilities, specifically including minorities with disabilities. Plaintiffs allege this civil action and others substantial similar thereto are necessary to compel access compliance because empirical research on the effectiveness of Title III of the Americans with Disabilities Act indicates the Title has failed to achieve full and equal access simply by the executive branch of the Federal Government funding and promoting voluntary compliance efforts. Further, empirical research shows when individuals with disabilities give actual notice of potential access problems to places of public accommodation without a federal civil rights civil action, the public accommodations do not remove the access barriers.  Therefore, Plaintiffs make the following allegations in this federal civil rights action:

### JURISDICTION AND VENUE

1.    The federal jurisdiction of this action is based on the Americans with Disabilities Act, 42 United States Code 12101-12102, 12181-12183 and 12201, et seq.  Venue in the Judicial District of the United States District Court of the Southern District of California is in accordance with 28 U.S.C. § 1391(b) because a substantial part of Plaintiffs' claims arose within the Judicial District of the United States District Court of the Southern District of California.

2

## SUPPLEMENTAL JURISDICTION

2.    The Judicial District of the United States District Court of the Southern District of California has supplemental jurisdiction over the state claims as alleged in this Complaint pursuant to 28 U.S.C. § 1367(a).  The reason supplemental jurisdiction is proper in this action is because all the causes of action or claims derived from federal law and those arising under state law, as herein alleged, arose from common nucleus of operative facts.  The common nucleus of operative facts, include, but are not limited to, the incidents where Plaintiff's Member and Plaintiff DAVID SINGLETARY were denied full and equal access to Defendant's facilities, goods, and/or services in violation of both federal Defendant's facilities as described within paragraphs 7 through 17 of this Complaint.  Defendant PATEL HARISPRASADI & SARLA H DBA HILLSIDE COIN LAUNDRY is located at 2885 El Cajon Boulevard, Suite A, San Diego, California 92104.  Plaintiffs are informed and believe and thereon allege that Defendants HARISPRASAD I. PATEL; and SARLA H. PATEL are the owners, operators and/or lessors of the business known as PATEL HARISPRASAD I & SARLA H DBA HILLSIDE COIN LAUNDRY. Defendants HARISPRASAD I. PATEL; and SARLA H. PATEL are located at 3142 Midway Drive, #106, San Diego, California, 92110.  Plaintiffs' are further informed and believe and thereon allege that Defendant A & B PROPERTIES (Company/Corporation) is the owner, operator and/or lessor of the property located at 2885 El Cajon Boulevard, San Diego, California, 92008; Assessor's Parcel Number 446-231-22.  Defendant A & B PROPERTIES (Company/Corporation) is located at 215 W. Lexington Avenue, El

3

Cajon, California 92020.  The words "Plaintiffs" and "Plaintiff"

as used herein specifically include ORGANIZATION FOR THE

ADVANCEMENT OF MINORITIES WITH DISABILITES SUING ON BEHALF OF

DAVID SINGLETARY AND ITS MEMBERS; and DAVID SINGLETARY, An

Individual, and persons associated with its Members who

accompanied Members to Defendant's facilities.

5.    Defendants Does 1 through 10, were at all times relevant

herein subsidiaries, employers, employees, and/or agents of PATEL

HARISPRASAD I & SARLA H DBA HILLSIDE COIN LAUNDRY; HARISPRASAD I.

PATEL; SARLA H. PATEL; and A & B PROPERTIES (Company/Corporation).

 Plaintiffs are ignorant of the true names and capacities of

Defendants sued herein as Does 1 through 10, inclusive, and

therefore sues these Defendants by such fictitious names.

Plaintiffs will pray leave of the court to amend this complaint to

allege the true names and capacities of the Does when ascertained.

6.    Plaintiffs are informed and believe, and thereon allege,

that Defendant herein was, at all times relevant to the action,

the owner, franchisee, lessee, general partner, limited partner,

agent, employee, representing partner, or joint venturer of the

remaining Defendants and were acting within the course and scope

of that relationship.  Plaintiffs are further informed and

believe, and thereon allege, that the Defendant herein gave

consent to, ratified, and/or authorized the acts alleged herein to

each of the remaining Defendants.

## CONCISE SET OF FACTS

7.  Plaintiff's Member DAVID SINGLETARY has a physical impairment

and due to this impairment he has learned to successfully operate

4

a wheelchair.

8.   On May 5, 2004, Plaintiff's Member and Plaintiff DAVID SINGLETARY visited Defendants' PATEL HARISPRASAD I & SARLA H DBA HILLSIDE COIN LAUNDRY facility to utilize their goods and/or services.

9.    When Plaintiff's Member and Plaintiff DAVID SINGLETARY patronized Defendant's property, he had difficulty using the parking, exterior path of travel, entrance and restroom facilities at because they failed to comply with ADA Access Guidelines For Buildings and Facilities (hereafter referred to as "ADAAG") and/or California's Title 24 Building Code Requirements. Defendant failed to remove obstructions in the parking, exterior path of travel, entrance and restroom facilities at Defendant's property.

10.    Plaintiff's Member and Plaintiff DAVID SINGLETARY personally experienced difficulty with said access barriers at Defendant's property.   For example, the facility is in violation of the required relationship between the total number of parking spaces in the parking lot, relative to the number of accessible spaces. There are 17 plus parking spaces serving the entire building and 1 is required to be van accessible; currently there fails to be one provided.   The building has one regular marked disabled auto space, but the blue outlines are badly worn and need to be replaced.   The blue outlined space is badly worn, and there are crossover white marked lines, so that one cannot distinguish between where the space begins or ends in width.   The facility does not have the 1 required accessible loading/unloading aisle for 1 accessible van parking space as required. An 8' wide

5

(minimum) by 20' long (minimum) loading/unloading aisle (on passenger side) is required.  Lastly, there fails to be tow-away signage posted warning patrons that if they park illegally in a designated accessible space their car will be fined, towed or both.

11.  The exterior path of travel fails to be accessible.  For example, there are loose mats at the front and rear doors; the requirement is for doormats to be secured, trimmed and fastened to the floor.

12.  The entrance fails to be accessible, as there is a 1" threshold at the front door.

13.  The restrooms fail to be accessible.  For example, the restroom doorknob requires twisting & grasping; it is the coin payment type, which requires depositing a quarter and then turning a knob.  The requirement for all operable parts is that they must not require tight grasping or twisting.  Within the restroom, the flush valve is not located on the clear side of the commode, as required.  Also, the light switch is a timer model and requires tight grasping and twisting to operate.

14.  Based on these facts, Plaintiffs allege Plaintiff's Member and Plaintiff DAVID SINGLETARY was discriminated against each time he patronized Defendant's property.

15.  Pursuant to federal and state law, Defendants are required to remove barriers to their existing facilities.  Further, Defendant had actual knowledge of their barrier removal duties under the Americans with Disabilities Act and the Civil Code before January 26, 1992.  Also, Defendant should have known that individuals with

6

disabilities are not required to give notice to a governmental

agency before filing suit alleging Defendant failed to remove

architectural barriers.  Plaintiffs believe and herein allege

Defendant's facilities have access violations not directly

experienced by Plaintiff's Member and Plaintiff DAVID SINGLETARY

which preclude or limit access by others with disabilities,

including, but not limited to, Space Allowance and Reach Ranges,

Accessible Route, Protruding Objects, Ground and Floor Surfaces,

Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs,

Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors,

Entrances, Drinking Fountains and Water Coolers, Water Closets,

Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage,

Handrails, Grab Bars, and Controls and Operating Mechanisms,

Alarms, Detectable Warnings, Signage, and Telephones. Accordingly,

Plaintiffs allege Defendant is required to remove all

architectural barriers, known or unknown.  Also, Plaintiffs allege

Defendant is required to utilize the ADA checklist for Readily

Achievable Barrier Removal approved by the United States

Department of Justice and created by Adaptive Environments.

16.    Plaintiffs and Plaintiff's Member DAVID SINGLETARY desires

to return to Defendant's place of business in the immediate

future.

17.    Plaintiff's Member and Plaintiff DAVID SINGLETARY was

extremely upset due to Defendant's conduct.

**WHAT CLAIMS ARE PLAINTIFFS ALLEGING AGAINST EACH NAMED DEFENDANT**

18.    PATEL HARISPRASAD I & SARLA H DBA HILLSIDE COIN LAUNDRY;

HARISPRASAD I. PATEL; and SARLA H. PATEL are the commercial

tenants of the subject property.  A & B PROPERTIES

(Company/Corporation) is the commercial landlord of the subject

property.

19.  Plaintiffs aver that the Defendant is liable for the

following claims as alleged below:

### DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS

FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS-  **Claims Under The**

**Americans With Disabilities Act Of 1990**

 CLAIM I: **Denial Of Full And Equal Access**

20.   Based on the facts plead at ¶¶ 7-17 above and elsewhere

in this complaint, Plaintiff's Member and Plaintiff DAVID

SINGLETARY was denied full and equal access to Defendant's goods,

services, facilities, privileges, advantages, or accommodations.

Plaintiffs allege Defendant is a public accommodation owned,

leased and/or operated by Defendant. Defendant's existing

facilities and/or services failed to provide full and equal access

to Defendant's facility as required by 42 U.S.C. § 12182(a).

Thus, Plaintiff's Member and Plaintiff DAVID SINGLETARY was

subjected to discrimination in violation of 42 United States Code

12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiffs were

denied equal access to Defendant's existing facilities.

21.   Plaintiff's Member and Plaintiff DAVID SINGLETARY has

physical impairments as alleged in ¶ 7 above because his

conditions affect one or more of the following body systems:

neurological, musculoskeletal, special sense organs, and/or

cardiovascular.  Further, his said physical impairments

substantially limits one or more of the following major life

activities:  walking.  In addition, Plaintiff's Member and

Plaintiff DAVID SINGLETARY cannot perform one or more of the said

major life activities in the manner, speed, and duration when

compared to the average person.  Moreover, Plaintiff's Member and

Plaintiff DAVID SINGLETARY has a history of or has been classified

as having a physical impairment as required by 42 U.S.C. §

12102(2)(A).

CLAIM II: **Failure To Make Alterations In Such A Manner That The**

**Altered Portions Of The Facility Are Readily Accessible And Usable**

**By Individuals With Disabilities**

22.   Based on the facts plead at ¶¶ 7-17 above and elsewhere in

this complaint, Plaintiff's Member and Plaintiff DAVID SINGLETARY

was denied full and equal access to Defendant's goods, services,

facilities, privileges, advantages, or accommodations within a

public accommodation owned, leased, and/or operated by Defendant.

Defendant altered their facility in a manner that affects or could

affect the usability of the facility or a part of the facility

after January 26, 1992. In performing the alteration, Defendant

failed to make the alteration in such a manner that, to the

maximum extent feasible, the altered portions of the facility are

readily accessible to and usable by individuals with disabilities,

including individuals who use wheelchairs, in violation of 42

U.S.C. §12183(a)(2).

23.   Additionally, the Defendant undertook an alteration that

affects or could affect the usability of or access to an area of

the facility containing a primary function after January 26, 1992.

Defendant further failed to make the alterations in such a manner

that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms serving the altered area, are readily accessible to and usable by individuals with disabilities in violation 42 U.S.C. §12183(a)(2).

24.   Pursuant to 42 U.S.C. §12183(a), this failure to make the alterations in a manner that, to the maximum extent feasible, are readily accessible to and usable by individuals with disabilities constitutes discrimination for purposes of 42 U.S.C. §12183(a). Therefore, Defendant discriminated against Plaintiff's Member and Plaintiff DAVID SINGLETARY in violation of 42 U.S.C. § 12182(a).

25.   Thus, Plaintiff's Member and Plaintiff DAVID SINGLETARY was subjected to discrimination in violation of 42 U.S.C. § 12183(a), 42 U.S.C. §12182(a) and 42 U.S.C. §12188 because said Member and Plaintiff DAVID SINGLETARY was denied equal access to Defendant's existing facilities.

CLAIM III: **Failure To Remove Architectural Barriers**

26.   Based on the facts plead at ¶¶ 7-17 above and elsewhere in this complaint, Plaintiff's Member and Plaintiff DAVID SINGLETARY was denied full and equal access to Defendant's goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendant. Defendant failed to remove barriers as required by 42 U.S.C. § 12182(a).   Plaintiffs are informed and believe, and thus allege that architectural barriers which are structural in nature exist at the following physical elements of Defendant's facilities: Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading

Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts
(Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains
and Water Coolers, Water Closets, Toilet Stalls, Urinals,
Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and
Controls and Operating Mechanisms, Alarms, Detectable Warnings,
Signage, and Telephones.  Title III requires places of public
accommodation to remove architectural barriers that are structural
in nature to existing facilities. [See, 42 United States Code
12182(b)(2)(A)(iv).]  Failure to remove such barriers and
disparate treatment against a person who has a known association
with a person with a disability are forms of discrimination.  [See
42 United States Code 12182(b)(2)(A)(iv).]  Thus, Plaintiff's
Member and Plaintiff DAVID SINGLETARY was subjected to
discrimination in violation of 42 United States Code
12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because said Member and
Plaintiff DAVID SINGLETARY was denied equal access to Defendant's
existing facilities.

  CLAIM IV: **Failure To Modify Practices, Policies And Procedures**

27.    Based on the facts plead at ¶¶ 7-17 above and elsewhere in
this complaint, Defendant failed and refused to provide a
reasonable alternative by modifying its practices, policies and
procedures in that they failed to have a scheme, plan, or design
to assist Plaintiff's Member and Plaintiff DAVID SINGLETARY and/or
others similarly situated in entering and utilizing Defendant's
services, as required by 42 U.S.C. § 12188(a).  Thus, said Member
and Plaintiff DAVID SINGLETARY was subjected to discrimination in
violation of 42 United States Code 12182(b)(2)(A)(iv) and 42

11

U.S.C. § 12188 because said Member and Plaintiff DAVID SINGLETARY was denied equal access to Defendant's existing facilities.

SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS - **CLAIMS UNDER CALIFORNIA ACCESSIBILITY LAWS**

CLAIM I: **Denial Of Full And Equal Access**

28.    Based on the facts plead at ¶¶ 7-17 above and elsewhere in this complaint, Plaintiff's Member and Plaintiff DAVID SINGLETARY was denied full and equal access to Defendant's goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendant as required by Civil Code Sections 54 and 54.1.  Defendant's facility violated California's Title 24 Accessible Building Code by failing to provide access to Defendant's facilities due to violations pertaining to the Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones.

29.    These violations denied Plaintiff's Member and Plaintiff DAVID SINGLETARY full and equal access to Defendant's facility. Thus, said Member and Plaintiff DAVID SINGLETARY was subjected to discrimination pursuant to Civil Code §§ 51, 52, and 54.1 because Plaintiffs were denied full, equal and safe access to Defendant's facility, causing severe emotional distress.

CLAIM II: **Failure To Modify Practices, Policies And Procedures**

30.    Based on the facts plead at ¶¶ 7-17 above and elsewhere
herein this complaint, Defendant failed and refused to provide a
reasonable alternative by modifying its practices, policies, and
procedures in that they failed to have a scheme, plan, or design
to assist Plaintiff's Member and Plaintiff DAVID SINGLETARY and/or
others similarly situated in entering and utilizing Defendant's
services as required by Civil Code § 54.1.  Thus, said Member and
Plaintiff DAVID SINGLETARY was subjected to discrimination in
violation of Civil Code § 54.1.

 CLAIM III: **Violation Of The Unruh Act**

31.    Based on the facts plead at ¶¶ 7-17 above and elsewhere
herein this complaint and because Defendant violated the Civil
Code § 51 by failing to comply with 42 United States Code
12182(b)(2)(A)(iv), Defendant did and continue to discriminate
against Plaintiff's Member and Plaintiff DAVID SINGLETARY and
persons similarly situated in violation of Civil Code §§ 51, 52,
and 54.1.

**Treble Damages Pursuant To Claims I, II, III Under The California**
**Accessibility Laws**

32.  Defendant, at times prior to and including during the month
of May 2004, respectively, and continuing to the present time,
knew that persons with physical disabilities were denied their
rights of equal access to all potions of this public facility.
Despite such knowledge, Defendant failed and refused to take steps
to comply with the applicable access statutes; and despite
knowledge of the resulting problems and denial of civil rights
thereby suffered by Plaintiff's Member and Plaintiff DAVID

13

SINGLETARY and other similarly situated persons with disabilities. Defendant has failed and refused to take action to grant full and equal access to persons with physical disabilities in the respects complained of hereinabove. Defendant has carried out a course of conduct of refusing to respond to, or correct complaints about, denial of disabled access and have refused to comply with their legal obligations to make the subject facility accessible pursuant to the Americans With Disability Act Access Guidelines (ADAAG) and Title 24 of the California Code of Regulations (also known as the California Building Code). Such actions and continuing course of conduct by Defendant evidence despicable conduct in conscious disregard of the rights and/or safety of Plaintiff's Member and Plaintiff DAVID SINGLETARY and of other similarly situated persons, justifying an award of treble damages pursuant to sections 52(a) and 54.3(a) of the California Civil Code.

33. Defendant's, and each of their, actions have also been oppressive to persons with physical disabilities and of other members of the public, and have evidenced actual or implied malicious intent toward those members of the public, such as Plaintiffs and other persons with physical disabilities who have been denied the proper access to which they are entitled by law. Further, Defendant's, and each of their, refusals on a day-to-day basis to correct these problems evidence despicable conduct in conscious disregard for the rights of Plaintiff's Member and Plaintiff DAVID SINGLETARY and other members of the public with physical disabilities.

34. Plaintiffs pray for an award of treble damages against

Defendant, pursuant to California Civil Code sections 52(a) and 54.3(a), in an amount sufficient to make a more profound example of Defendant and encourage owners and operators of other public facilities from willful disregard of the rights of persons with disabilities.  Plaintiffs do not know the financial worth of Defendant, or the amount of treble damages sufficient to accomplish the public purposes of section 52(a) of the California Civil Code and section 54.3 of the California Civil Code.

35.   Wherefore, Plaintiffs pray for damages and relief as hereinafter stated.

THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS - **Violation of Business and Professions Code section 17200 et seq.**

36.   Plaintiffs incorporate by reference herein the facts plead at ¶¶ 7-17 above and elsewhere in this complaint.

37.   Defendant failed to remove obstructions in the disabled parking, exterior path of travel, entrance and restroom facilities at Defendant's property.  Pursuant to federal law, Defendants are required to remove barriers to their existing facilities.  Title III of the Americans With Disabilities Act requires places of public accommodation to remove architectural barriers that are structural in nature to existing facilities. [42 United States Code 12182(b)(2)(A)(iv).]  Failure to remove such barriers and disparate treatment against a person who has a known association with a person with a disability are forms of discrimination.  [See 42 United States Code 12182(b)(2)(A)(iv).]  Thus, Plaintiff's Member and Plaintiff DAVID SINGLETARY was subjected to discrimination in violation of 42 United States Code

12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because said Member and
Plaintiff DAVID SINGLETARY was denied equal access to Defendant's
existing facilities.  Also, Defendant's facilities failed to
provide full and equal access to Defendant's facility as required
by 42 U.S.C. § 12182(a).  Thus, Plaintiff's Member and Plaintiff
DAVID SINGLETARY was subjected to discrimination in violation of
42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188
because Plaintiff's Member and Plaintiff DAVID SINGLETARY was
denied equal access to Defendant's existing facilities.
Additionally, as a result of said access barriers, Defendant
failed and refused to provide a reasonable alternative by
modifying its practices, policies and procedures in that they
failed to have a scheme, plan, or design to assist Plaintiff's
Member and Plaintiff DAVID SINGLETARY and/or others similarly
situated in entering and utilizing Defendant's services, as
required by 42 U.S.C. § 12188(a).  Thus, said Member and Plaintiff
DAVID SINGLETARY was subjected to discrimination in violation of
42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188
because said Member and Plaintiff DAVID SINGLETARY was denied
equal access to Defendant's existing facilities.

38.   Pursuant to state law, Defendants are also required to remove
barriers to their existing facilities. These violations denied
Plaintiff's Member and Plaintiff DAVID SINGLETARY full and equal
access to Defendant's facilities.  Thus, said Member and Plaintiff
DAVID SINGLETARY was subjected to discrimination pursuant to Civil
Code §§ 51, 52, and 54.1 because Plaintiff's Member and Plaintiff
DAVID SINGLETARY was denied full, equal and safe access to

16

Defendant's facility.  Further, Defendant's facility, and other goods, services, and/or facilities provided to the public by Defendant are not accessible to and usable by persons with disabilities as required by Health and Safety Code § 19955 which requires private entities to make their facility accessible before and after remodeling, and to remove architectural barriers on and after AB 1077 went into effect.  Additionally, Defendant failed and refused to provide a reasonable alternative by modifying its practices, policies, and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff's Member and Plaintiff DAVID SINGLETARY and/or others similarly situated in entering and utilizing Defendant's services as required by Civil Code § 54.1. Thus, said Member and Plaintiff DAVID SINGLETARY was subjected to discrimination in violation of Civil Code § 54.1.  Also, under the Unruh Act, Defendant violated the Civil Code § 51 by failing to comply with 42 United States Code 12182(b)(2)(A)(iv), Defendant did and continue to discriminate against Plaintiff's Member and Plaintiff DAVID SINGLETARY and persons similarly situated in violation of Civil Code §§ 51, 52, and 54.1. Further, Defendant had actual knowledge of their barrier removal duties under the Americans with Disabilities Act, the California Civil Code, and the California Health & Safety Code before January 26, 1992.

39.   Business and Professions Code section 17200 defines "unfair competition" and prohibited activities as, ". . . **any unlawful, unfair or fraudulent business act or practice** and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division

17

7 of the Business and Professions Code."  (emphasis added).

Defendant's acts and omissions alleged herein are violations of

the above-enumerated federal and state statutory requirements and

public policy and therefore constitute unfair competition and/or

prohibited activities as such violations are *unlawful, unfair or*

*fraudulent business acts or practices*.  Defendant's alleged

unlawful, unfair, or fraudulent business acts or practices are

specifically prohibited by the specific introductory language of

B&P section 17200 that is stated in the conjunctive.

Consequently, Plaintiffs allege that Defendant's acts and

omissions constitute a violation specifically of this section

17200 of the Business and Professions Code.

40.   Plaintiffs seek injunctive relief requiring Defendant to

remedy the disabled access violations present at the Defendant's

facilities.  Ancillary to this injunctive relief, Plaintiffs also

request restitution for amounts paid by Plaintiff's Member and

Plaintiff DAVID SINGLETARY who attempted to visit and patronize

Defendant's facilities during the time period that the subject

premises have been in violation of the disabled access laws of the

State of California.

41.   Plaintiffs seek, on behalf of the general public, injunctive

relief requiring Defendant to comply with the disabled access laws

of the State of California at facilities throughout the State of

California built, owned, operated, and/or controlled by Defendant.

42.   WHEREFORE, Plaintiffs pray for judgment as hereinafter set

forth.

FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS- **Negligence**

18

43.   Based on the facts plead at ¶¶ 7-17 above and elsewhere in this complaint, Defendant owed Plaintiff's Member and Plaintiff DAVID SINGLETARY a statutory duty to make their facility accessible and owed Plaintiff's Member and Plaintiff DAVID SINGLETARY a duty to keep Plaintiff's Member and Plaintiff DAVID SINGLETARY reasonably safe from known dangers and risks of harm. This said duty arises by virtue of legal duties proscribed by various federal and state statutes including, but not limited to, ADA, ADAAG, Civil Code 51, 52, 54, 54.1 and Title 24 of the California Administrative Code and applicable 1982 Uniform Building Code standards as amended.

44.   Title III of the ADA mandates removal of architectural barriers and prohibits disability discrimination. As well, Defendant's facility, and other goods, services, and/or facilities provided to the public by Defendant are not accessible to and usable by persons with disabilities as required by Health and Safety Code § 19955 which requires private entities to make their facility accessible before and after remodeling, and to remove architectural barriers on and after AB 1077 went into effect.

45.   Therefore, Defendant engaged in discriminatory conduct in that they failed to comply with known duties under the ADA, ADAAG, Civil Code 51, 52, 54, 54.1, ADAAG, and Title 24, and knew or should have known that their acts of nonfeasance would cause Plaintiff's Member and Plaintiff DAVID SINGLETARY emotional, bodily and personal injury. Plaintiffs further allege that such conduct was done in reckless disregard of the probability of said conduct causing Plaintiff's Member and Plaintiff DAVID SINGLETARY

to suffer bodily or personal injury, anger, embarrassment, depression, anxiety, mortification, humiliation and distress. Plaintiffs allege that such conduct caused Plaintiffs' Member and Plaintiff DAVID SINGLETARY to suffer the injuries of mental and emotional distress, including, but not limited to, anger, embarrassment, depression, anxiety, mortification, humiliation, distress, and fear of physical injury. Plaintiffs additionally allege that such conduct caused Plaintiff's Member and Plaintiff DAVID SINGLETARY to suffer damages as a result of these injuries.

DEMAND FOR JUDGMENT FOR RELIEF:

A.    For general damages pursuant to Cal. Civil Code §§ 52, 54.3, 3281, and 3333;

B.    For $4,000 in damages pursuant to Cal. Civil Code § 52 for each and every offense of Civil Code § 51, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines;

C.    In the alternative to the damages pursuant to Cal. Civil Code § 52 in Paragraph B above, for $1,000 in damages pursuant to Cal. Civil Code § 54.3 for each and every offense of Civil Code § 54.1, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines;

D.    For injunctive relief pursuant to 42 U.S.C. § 12188(a) and Cal. Civil Code § 55. Plaintiffs request this Court enjoin Defendant to remove all architectural barriers in, at, or on their facilities related to the following: Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor

Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones.

E.     For attorneys' fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, and Cal. Civil Code § 55;

F.     For treble damages pursuant to Cal. Civil Code §§  52(a), and 54.3(a);

G.     For Restitution pursuant to Business and Professions section 17200;

H.     A Jury Trial and;

I.     For such other further relief as the court deems proper.

Respectfully submitted:

PINNOCK & WAKEFIELD, A.P.C.

Dated: October 22, 2004

By: _____

THEODORE A. PINNOCK, ESQ.
MICHELLE L. WAKEFIELD, ESQ.
Attorneys for Plaintiffs

21

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| | |
|---|---|
| **I (a) PLAINTIFFS**  ORGANIZATION FOR THE ADVANCEMENT OF MINORITIES WITH DISABILITIES SUING ON BEHALF OF DAVID SINGLETARY AND ITS MEMBERS; and DAVID SINGLETARY, An Individual | **DEFENDANTS**  PATEL HARISPRASAD I & SARLA H DBA HILLSIDE COIN LAUNDRY; HARISPRASAD I. PATEL; SARLA H. PATEL; A & B PROPERTIES (Company/Corporation); And DOES 1 THROUGH 10, Inclusive FILED OCT 2 6 AM 8 51 |

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** San Diego, CA
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT San Diego, GA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Theodore A. Pinnock, Esq.       SBN 153434
Michelle L. Wakefield, Esq.     SBN 200424
Pinnock & Wakefield, A.P.C.
3033 Fifth Avenue, Suite 410, San Diego, California 92103
Telephone: (619) 858-3671; Facsimile: (619) 858-3646

ATTORNEYS (IF KNOWN)

**'04 CV 2211     BEN (LSP)**

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question
      (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX
(For Diversity Cases Only)        FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT DEF | | PT DEF |
|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 Incorporated or Principal Place of Business in This State | ☐4 ☐4 |
| Citizen of Another State | ☐2 | ☐2 Incorporated and Principal Place of Business in Another State | ☐5 ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 Foreign Nation | ☐6 ☐6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

42 U.S.C. Sections 12101-12102, 12181-12183, and 12201, Et. Seq.

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure Of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | ☐ 950 Constitutionality of State |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | | ☐ 555 Prisoner Conditions | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removal from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ TO BE DETERMINED AT TRIAL | Check YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY (See Instructions):**     JUDGE                    Docket Number

DATE October 22, 2004                    SIGNATURE OF ATTORNEY OF RECORD

# 108370    $150.00 PD